IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARISSA OWEN

        Plaintiff

   VS.

**THE BOARD OF TRUSTEES OF WESTERN MICHIGAN UNIVERSITY**, in their official capacities; **EDWARD MONTGOMERY**, President of WMU, in his official capacity; and **TAMMY L. MILLER**, Associate Director of Institutional Equity in her official capacity; **LISA SINGLETERRY,** Faculty member and Agent of Defendant WMU; **JOHN DOES** #1-5

        Defendants Jointly and Severally.

**PACIFIC JUSTICE INSTITUTE**
By:  Dave Peters, Staff Attorney (P48648)
Attorney for Plaintiffs
PO Box 51787
Livonia, Michigan 48151-1787
Email:  dpeters@pji.org
Phone: (734) 732-4050/ (916) 857-6900

_____

**Case No.**
**HON.**

**COMPLAINT FOR
DAMAGES, DECLARATORY
AND EQUITABLE RELIEF**

**JURY TRIAL DEMANDED**

## COMPLAINT

      NOW COMES THE PLAINTIFF, MARISSA OWEN, by counsel, PACIFIC JUSTICE

INSTITUTE, BY DAVE PETERS (P48648) who states for her Complaint against Defendant

BOARD OF TRUSTEES OF WESTERN MICHIGAN UNIVERSITY, Defendant EDWARD

MONTGOMMERY as President of WESTERN MICHIGAN UNIVERSITY, and Defendant

TAMMY MILLER as Associate Director of Institutional Equity at WESTERN MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSITY in their professional capacity as follows (each a "Defendant" and together,

"Defendants"):

## SUMMARY

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for religious discrimination suffered by Plaintiff in the denial of reasonable accommodations.

2. Plaintiff is currently attending another nursing school and does not seek an emergency or preliminary injunction from this court.

3. This case seeks to protect and vindicate statutory, and fundamental constitutional rights.

4. Plaintiff brings this civil rights action under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for other statutory and State constitutional violations.

5. Plaintiff applied to the Defendant's School of Nursing on or about October 11, 2020.

6. Plaintiff was later informed of certain acts, policies, practices, customs and procedures and requested Reasonable Religious and Physical accommodations to these.

7. Defendants had a duty to reasonably accommodate Plaintiff's religious and  physical accommodations request.

8. Defendants failed to reasonable accommodate Plaintiffs religious and physical accommodation requests when they could have done so without undue burden.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

9. Defendants' acts, policies, practices, customs, and procedures for the years 2020 through 2023 requiring COVID-19 vaccination as a mandatory condition of participation in Defendants' nursing program and refusing reasonable

10. accommodations deprived Plaintiff of her First Amendment rights, her right to Due Process, and her Fourteenth Amendment liberty right to privacy, self-autonomy and personal identity.

11. Defendants unlawfully discriminated against Plaintiff because of her sincerely held religious beliefs by mandating that she must take the COVID-19 vaccine in order to participate in Defendants' nursing program.

12. Specifically, Defendants' vaccine mandate seeks to override Plaintiffs sincerely held religious beliefs and discriminates against her on the basis of her religion.

13. The Defendant's vaccine mandate also wrongfully ignores the Plaintiff's accommodations requests based on physical disability pursuant to the American's With Disabilities Act (42 USCS 12101 (LexisNexis, Lexis Advance through Public Law 118-34, approved December 26, 2023, with a gap of Public Law 118-31).

14. Plaintiff's religious exemption to the COVID vaccination was never granted and as far as Plaintiff's can tell it was never even considered by the nursing school at Western Michigan University.

15. Plaintiff was already a student at the Defendant WESTERN MICHIGAN UNIVERSITY and was informed that she would be admitted to the nursing program and that she could attend nursing classes at WESTERN MICHIGAN UNIVERSITY and did rely on such information to her detriment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

16. Plaintiff also submitted a disability accommodation request but such request was only partially granted as to 1 of several required clinical rotation placements meaning that none of the exemption was granted, since Plaintiff could not complete the program without all clinical rotations.

17. Months later, after telling Plaintiff she was granted a COVID-19 Vaccine waiver for medical reasons, and that she could attend the University based on her disability/medical accommodation request, and the Plaintiff had relied on such assurances, the Plaintiff was informed that although she could attend classes, that the school would not accommodate either the medical or the religious accommodations for the required nursing clinical rotation with their affiliated medical providers.

18. Access to a clinical rotation is an essential component of the Defendants' nursing program, and this clinical rotation must be completed to achieve nursing certification.

19. Denying Plaintiff access to a clinical rotation when they have validly requested religious and physical accommodation requests is <u>not</u> a reasonable accommodation.

20. Denying Plaintiff access to a clinical rotation prevents Plaintiff access to nurse training necessary to achieve her nursing certification.

21. Failing to accommodate an essential part of the training to achieve her nursing certification is a DENIAL of such accommodation request.

21.  Accommodations could have been granted to the Plaintiff without undue hardship  to the Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

22. The policies, practices, customs, and procedures of the Defendants in denying
    reasonable accommodation requests from sincere religious believers and from those
    with physical problems were the cause of, and the moving force behind, the statutory,
    and constitutional violations in this case.

22. Specifically, **THE BOARD OF TRUSTEES OF WESTERN MICHIGAN
    UNIVERSITY** along with the other named Defendants, implemented a set of policies
    that included a COVID-19 Vaccine Mandate for all students which did not include
    sufficient Constitutional procedures for objecting to such mandate.

23. Plaintiff had a Constitutional right to object to the COVID-19 Vaccine mandate on
    religious grounds (1st & 14th Amendment) and grounds of physical disability
    (Americans With Disabilities Act).

24. Plaintiff did in fact request accommodations on the basis of her religious beliefs and
    her physical disabilities.

25. Defendants had a Constitutional duty to reasonably accommodate the Plaintiff's
    inability to comply with the Vaccine Mandate due to religious and physical reasons.

26. The Defendants failed to reasonably accommodate the Plaintiff's religious objections
    by refusing to accommodate her nursing clinical rotation and failed to even consider
    an accommodation of her physical disabilities.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PARTIES**

27. Plaintiff **MARISSA OWEN** was a nursing student candidate at **WESTERN MICHIGAN UNIVERSITY** and a resident of the State of Michigan at all pertinent times hereafter stated.

28. Defendant **EDWARD MONTGOMMERY**, President of WESTERN MICHIGAN UNIVERSITY is directly responsible for implementing and enforcing the COVID-19 policies at issue in this case.

29. He is sued in his official capacity for the policies for which he was responsible:  To Whit, a COVID-19 Vaccination policy that did not include the requisite Constitutional accommodations.

30. Defendant WESTERN MICHIGAN UNVERSITY is a Public University located in the State of Michigan and governed by the **BOARD OF TRUSTEES OF WESTERN MICHIGAN UNVERSITY**.

31. Defendants **EDWARD MONTGOMMERY** and **THE BOARD OF TRUSTEES OF WESTERN MICHIGAN UNIVERSITY** are the President and policy making body of Defendant **WESTERN MICHIGAN UNIVERSITY** respectively with responsibility for making, approving, delegating, and implementing policies complained of hereto.

32. Defendant **TAMMY MILLER** is the Associate Director of Institutional Equity for the Defendant **WESTERN MICHIGAN UNIVERSITY** with responsibility for recommending policies and procedures to the **BOARD OF TRUSTEES**, making, approving, delegating, and implementing policies complained of hereto.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## JURISDICTION

33. This civil rights action raises federal questions under the United States Constitution,

34. particularly the First and Fourteenth Amendments, the Civil Rights Act of 1871, 42 U.S.C.

   §1983, Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq, and the Americans

   with Disabilities Act of 1991, as amended, 42 U.S.C. § 12101 et seq,

35. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331

   And 1343.

36. This Court has authority to award the requested relief and damages pursuant to 28 U.S.C.

   §1343, the requested declaratory relief pursuant to 28 U.S.C. §§ 2201–02, the requested

   injunctive relief pursuant to 28 U.S.C. § 1343 and Fed. R. Civ. P. 65, and costs and

   attorneys' fees under 42 U.S.C. § 1988.

37. This Court has supplemental jurisdiction over the state law claims made herein pursuant to

   28 U.S.C. § 1367.

## VENUE

37. This action properly lies in the Western District of Michigan pursuant to 29 U.S.C. §
   1391(b), because the claim arose in this judicial district, because the civil rights
   violations were committed in this judicial district.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FACTS**

38.   Plaintiff applied to the nursing program at the Defendant WESTERN MICHIGAN
      UNIVERSITY (hereafter WMU) on or about October 11, 2020 and was directly accepted
      out of High School into the program.

39.   On or about Tuesday August 30, 2022, following a lengthy delay due to the COVID-19
      school lockdowns during 2020 and 2021, the Plaintiff attended her first online Nursing
      Advisory zoom meeting with the incoming nursing students and the WMU School of
      Nursing Faculty.

40.   During the meeting on August 30, 2022, it was announced "there would be no approval
      for religious or medical exemption requests".  The students were told that " you can try,
      but it won't happen."

41.   In an email dated August 30, 2022 from Lisa Singletary, WMU Faculty who was at the
      meeting, it was stated: "Although Western Michigan University does not require the
      COVID Vaccine, many of our practice partner are mandating that their employees
      along with students, faulty, and others who conduct business at their facilities receive
      the COVID 129 vaccine making it a Minimal Work Requirements for the nursing
      program."

42.   On or about September 14, 2022, the Plaintiff submitted her religious exemption
      request to WMU School of Nursing.

43.   On or about September 15, 2022, LISA SINGLETERRY sent an email to Plaintiff
      advising her: "I recommend that you pause progression in the program until you can

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

meet the MWR (Minimal Work Requirements) for clinical experience each semester. See the student handbook for directions on making a change in the program of study."

44. On or about September 17, 2022 Plaintiff received a letter from WMU general counsel Keith Hahn claiming: "while acknowledging your statements that you have a sincerely held religious belief against obtaining a COVID-19 vaccination, WMU simply is not the body with which you could obtain an exemption."

45. The clinical partners of WMU are under the control and supervision of WMU who is responsible for their actions.

46. On or about September 25, 2022, Plaintiff sent an email requesting information on the clinical partners so she could separately apply for religious exemptions with them.

47. WMU refused to provide the names of their clinical partners, making it impossible for Plaintiff to assert her religious objection except to the school program which was knowingly using clinical programs that violated the religious liberty and disability protected classifications of individuals situated like the Plaintiff.

48. In an email dated October 3,2022 Lisa Singleterry, WMU faculty member, asserted they had provided information about Bronson, a single clinical partner of WMU and further stated: "At this time we do not have community partners offering an exemption/waiver process for the COVID vaccine."

49. On or about December 5, 2022, the Plaintiff attended another meeting with WMU faculty to specifically inquire about the school's vaccination policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

50.     On or about December 14, 2022, Plaintiff corresponded with the Defendant asking for clarification on the Defendants vaccine policy and whether she would actually be able to attend the school and participate  in the Clinical Rotation requirements necessary to graduate with a nursing degree.

51.     Rather than discussing reasonable accommodations with the plaintiff, the response received by Plaintiff from the Defendant was equivocal stating: "We also discussed progression through the program with our current clinical site requirements. 'As I indicated in our meeting, there may be changes as we progress each semester and I am uncomfortable making any further predictions or guarantees.'

52.     Defendant's responses constitute an unreasonable denial of religious liberty and physical disability rights that could have been accommodated without undue hardship to the Defendant.

54.     On October 23, 2022 submitted a medical exemption request to the COVID-19 vaccination due to the fact she has an auto immune disease and had been recommended by her treating physician that she should not take the COVID-19 vaccination.

55.     Plaintiff and her family continued corresponding with the Defendants and its faculty for the next several months, repeatedly sending emails, attending meetings, and speaking with officials on the phone in an attempt to have her religious and disability rights respected but was not successful.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

56.     Thus, Plaintiff's religious exemption was not considered for accommodation and her medical exemption was supposedly granted as to one clinical rotation provider but not the others which effectively meant her accommodation in order to be a nursing student was denied.

57.     Plaintiff's good faith reliance on the grant of such requests notwithstanding, Plaintiff was, in fact, NOT permitted to be a nursing student at WESTERN MICHIGAN UNIVERSITY unless she violated her religious beliefs and obtained the vaccine.

57.     Plaintiff offered several proposed religious accommodations to the Defendant WESTERN MICHIGAN UNIVERSITY, including masking, weekly testing, social distancing, and was willing to take onerous steps to achieve an accommodation with the University.

58.     Plaintiff was denied and refused the opportunity to be accommodated by WESTERN MICHIGAN UNIVERSITY at every stage and was even denied access to information about the clinical rotations so she was unable to make, or even attempt to make, a reasonable accommodation with the hospitals and clinics.

59.     Plaintiff filed a charge with the EEOC which was Dismissed on October 11, 2023 for the finding that Plaintiff was not in an employment relationship with Defendant.

60.     The EEOC issued a Notice of Right to Sue which was received by the Plaintiff.

61.     Plaintiff has timely filed this instant action and complied with all administrative and procedural requirements necessary to file this lawsuit.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

62.    Upon information and belief, the Defendants do not require the general student body at WMU to be vaccinated in order to be physically present on campus, to attend school, to attend intercollegiate athletic events, to live in the dorms, or to otherwise participate in the educational programs at WMU.

62.    In *Dahl v Bd of Trustees of Western Mich Univ*, 15 F.4th 728 (CA 6, 2021), this court decided that this same Defendant University was not entitled to a stay of proceedings because the plaintiffs, who were student-athletes, had a strong likelihood of success on their free exercise challenge to the university's failure to grant their religious exemptions to the university's COVID-19 vaccination policy.

63.    Similarly in the case at bar, this Defendant University may not properly oppose an injunction because the Plaintiff, a nursing student candidate, has a strong likelihood of success on her free exercise challenge to the university's failure to grant her religious exemptions to the university's COVID-19 vaccination policy.

64.    Defendants adopted, authorized, mandated, and approved policies which attempted to force Plaintiff to take the vaccine shot in direct opposition to, and in violation of, Plaintiffs' personal identity, autonomy, and her sincerely held religious beliefs and convictions, and in violation of its own policies on student rights and privacy, federal and state statutes, and constitutional provisions.

65.    Defendants' policy to mandate the COVID vaccination includes other policies to silence and disparage  opinions, ideas, and viewpoints that disagree with its medical determinations that were made without consulting with Plaintiffs' doctors or accommodating Plaintiffs religious objections.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

66.     Defendants' training, supervision, policies, practices, customs, and procedures chill the
        expression of religious viewpoints, such as those held by Plaintiff by failing to
        sufficiently instruct them of their responsibilities under federal law to provide reasonable
        accommodations for those with health or religious objections.

67.     Defendants' training, supervision, policies, practices, customs, and procedures demean
        and diminish the personal autonomy and dignity of Plaintiffs and all students who have a
        differing viewpoint and disagree with WMU's policies and actions.

68.     Despite past and ongoing diligent efforts to secure comparable positions as a Nursing
        School student, Plaintiff has been forced to accept a position with substantially lower
        prestige and has thus been denied future compensation which she would have received if
        her religious accommodations and health accommodations request had been considered
        and granted.

69.     Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain,
        suffering, inconvenience, mental anguish, loss of enjoyment of life, and other
        nonpecuniary losses as a direct result of Defendants' refusal to reasonably accommodate
        the Plaintiff and to provide Plaintiff with access to the necessary nursing clinical rotation
        needed to graduate from the nursing program.

70.     Plaintiff will suffer future pecuniary losses as a direct result of Defendants' refusal to
        provide Plaintiff with access to a nursing clinical rotation and forcing Plaintiff to
        withdraw from the nursing program at WMU.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## STATEMENTS OF LAW

71.    Each and all acts and policies herein were attributed to Defendants who acted under color of a statute, regulation, or custom of the State of Michigan (i.e., under color of state law and authority).

72.    Defendants knew or should have known that they were violating Plaintiff's constitutional, statutory and contractual rights by denying reasonable accommodations to the COVID-19 shot based on her sincere religious beliefs and her rights as a person with a disability.

73.    Each and all acts and policies herein were attributed to Defendants who acted under color of a statute, regulation, or custom of the State of Michigan and the United States (i.e., under color of state law and authority), including in refusing to provide reasonable accommodations for the COVID-19 shot

74.    Defendants engaged in discrimination against Plaintiff with malice or reckless indifference to Plaintiff's rights under (42 USCS 2000e-2) by summarily denying the Plaintiff's requests for religious and medical accommodations without fairly considering them.

75.    Defendants engaged in intentional discrimination against Plaintiff with malice or reckless indifference to the Plaintiff's rights under the U.S. Constitution USCS Const. Amend. 1 and USCS Const. Amend. 14.

76.    Defendants engaged in intentional discrimination against  Plaintiff and/or with malice or reckless indifference to the Plaintiff's rights under Title II Reasonable Accommodations in Public venues 42 USCS 2000a).

- 14 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

77.   Defendants engaged in discrimination against Plaintiff with malice or reckless
indifference to the Plaintiff's rights under the Americans With Disabilities Act (42 USCS
12131); and section 1983.

## COUNT I
## Violation of Plaintiff's First Amendment Right to Free Exercise of Religion
## (42 U.S.C. § 1983)

78.   Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set
forth herein.

79.   By reason of the aforementioned acts, policies, practices, customs and procedures
created, adopted, and enforced under color of state law refusing to provide reasonable
accommodations for students to the COVID-19 Vaccination as required by federal law
(Section 1983) State law (Elliot Larsen), the U.S. Constitution (1st Amendment), and a
prior court ruling in this District (Dahl, Id).

80.   Defendants deprived Plaintiff of her right to the free exercise of her sincerely held
religious beliefs in violation of the First Amendment, as applied to the states.

81.   Defendants violated Plaintiff's First Amendment right to freely exercise their religious
beliefs by mandating an invasive medical treatment that substantially interferes with
Plaintiffs' religious and free exercise rights.

82.   Defendants' policies violate the First Amendment by punishing students who exercise
their religious beliefs in connection with their personal medical decisions.

83.   Plaintiffs' compliance with their sincerely held religious beliefs is a religious exercise.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

84.     Defendants' policies and practices are not general laws as they specifically target

Christians who share Plaintiffs sincerely held religious views, but leave untouched

students who ascribe to other or no faith traditions.

85.     Defendants' exemption denials, policies and practices are imposed on some religious

students, but not on others, resulting in unjust discrimination amongst religious beliefs.

86.     Defendants' policies and practices further no compelling governmental interest as there

is little or no evidence currently that the COVID-19 shot prevented the spread of

Coronavirus and in 2022 there was absolutely no evidence the shot prevented the

spread.

87.     Even if Defendants identified a compelling State interest, Defendants' policies and

practices fail to provide the least restrictive means of furthering any stated interest and

are not narrowly tailored to achieve the State interest of preventing the spread of

COVID-19.

88.     Defendants' policies and practices create government-imposed, coercive pressure on

Plaintiffs to change or violate their sincerely held religious beliefs.

89.     Defendants' policies, practices, customs, and procedures, punish and impose discipline

on any student for exercising his or her right to free exercise of their religious beliefs.

Defendants' actions injure Plaintiffs by chilling their religious activity and religious

speech through threat of discipline and sanction by Defendants for failure to comply

with its new policies.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

90.     As a direct and proximate result of Defendants' violation of the First Amendment,
Plaintiffs have suffered, and will suffer, irreparable harm, including the loss of their
fundamental constitutional rights, entitling them to declaratory and injunctive relief.

91.     Additionally, Plaintiffs are entitled to nominal damages, punitive damages, and
compensatory damages for the loss of their constitutional rights.

## COUNT II:  VIOLATION OF U.S. CONSTITUTION 14TH AMENDMENT
(42 USC 1983)

92.     By reason of the aforementioned acts, policies, practices, customs and procedures created,
adopted, and enforced under color of state law, and their political subdivisions under the
Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 certain
policies:   To Whit, mandating an experimental vaccination in violation of the Plaintiff's
Constitutional Rights.

93.     Defendants deprived Plaintiff of her 14th Amendment right to Privacy, Personal
Autonomy, and Personal Identity, among others.

94.     Defendants further deprived Plaintiff of her fundamental right to bodily integrity to make
their own informed medical decisions with the assistance of their personal physicians.

95.     By favoring and enforcing policies that approve of and force medical treatment over
Plaintiffs' right to privacy, personal identity and personal autonomy, Defendants violate
Plaintiffs' Fourteenth Amendment rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

96. Defendants' conduct deprives Plaintiffs of their personal choices central to individual dignity and autonomy, including intimate choices defining personal identity and beliefs by stigmatizing and labeling their sincerely held religious beliefs as unworthy of protection by Defendants.

97. Defendants' policies, practices, customs, and procedures, punish and impose discipline on Plaintiffs for alleged violations of Defendants' new policies, simply for exercising their religious and medical right to make their own medical decisions. Defendants' actions injure Plaintiffs by violating their constitutional rights through threat of discipline and sanction by Defendants for failure to comply with its new policies.

98. As a direct and proximate result of Defendants' violation of the Fourteenth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally, Plaintiffs are entitled to nominal damages and compensatory damages for the loss of their constitutional rights.

99. Plaintiff has suffered damages including but not limited to:

   a. Loss of use of school facilities.

   b. Fear about using the school facilities.

   c. Embarrassment and humiliation.

   d. Severe emotional distress.

   e. Loss of more than a year of nursing school, direct and indirect costs, and other damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

f. All other damages that reasonably flow from Defendants' outrageous and illegal

policies, practices, procedures, and actions.

## COUNT III
## DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION
### (42 U.S.C. § 2000a, et. seq.)

100.   Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set

forth herein.

101.   Defendants operate its school as a place of public accommodation as defined in Title II (42

U.S.C. § 2000a, et. Seq, hereafter "The Act").

102.   Defendants are involved in commerce as defined in the Act.

103.   Defendants' implementation of its policies and procedures to mandate vaccinations for

student athletes violate the Act and deprive Plaintiffs of their civil rights by subjecting

Plaintiffs to conduct which has the purpose and effect of denying them the full benefit of

the public accommodations and educational facilities at Defendants' school buildings and

athletic venues and denies them full and equal access to the use and privileges of its public

accommodations and educational facilities, on the basis of religion.

104.   Defendants' policies have the purpose or effect of substantially interfering with Plaintiffs'

right to access and utilize public accommodations and public services, including education

and athletic participation, and creates an intimidating, hostile, or offensive public

accommodation, public service, and educational environment for all the above-stated

reasons.

105.   As a direct and proximate result of Defendants' violations of the Act, Plaintiff has suffered,

are suffering, and will continue to suffer, damages, including the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

    a.   Loss of use of school facilities.

    b.   Fear about using the school facilities.

    c.   Embarrassment and humiliation.

    d.   Severe emotional distress.

    e.   Loss of more than a year of nursing school, direct and indirect costs, and other damages.

    f.   All other damages that reasonably flow from Defendants' outrageous and illegal policies, practices, procedures, and actions.

## COUNT IV – VIOLATION OF AMERICAN'S WITH DISABILITIES ACT (42 U.S.C. 12101 et. Seq).

106. The Americans with Disabilities Act (ADA) prohibits discrimination against people with disabilities in several areas, including employment, transportation, public accommodations, communications and access to state and local government' programs and services.

107. Plaintiff has a medical condition requiring an employer or place of public accommodation to provide reasonable accommodations for religious beliefs and medical disability.

108. Plaintiff submitted a medical exemption request and waiver request to the COVID-19 vaccination on account of her suffering from Crohn's Disease, an auto-immune condition and on the advice of her treating physician.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

109.  Defendants denied and/or ignored the Plaintiff's request for reasonable accommodations of Plaintiff's disability.

110.   Defendants failed to reasonably accommodate the Plaintiff despite having a duty to do so.

111.  Due to her unique medical condition, the Plaintiff's attending and treating physician has advised her to REFRAIN from getting the COVID 19 Vaccination.

112.  Plaintiff seeks damages to redress the injuries suffered as a result of the unlawful discrimination based on the failure to accommodate her disabilities while in the employ of the Defendant, and/or at a time when she relied upon the public accommodations of the Defendant, including, but not limited to, the refusal to provide reasonable accommodations for medical and physical reasons under Title II.

113.  The Plaintiff also seeks damages to redress the injuries suffered as a result of the unlawful discrimination by the Defendant in the form of retaliation based on her disabilities while an employee, student employee, and/or clinical student employee of the Defendant.

## COUNT V – MICHIGAN CONSTITUTION

114.   By reason of the aforementioned acts, policies, practices, customs and procedures created, adopted, and enforced under color of state law, Defendants deprived Plaintiffs of their right to freely exercise their religion under Michigan's Constitution of 1963.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

115.   Defendant has violated Article I, §4 of the Michigan Constitution which states:  "The civil and political rights, privileges and capacities of no person shall be diminished or

116.   enlarged on account of his religious belief" (MCLS Const. Art. I, § 4 Defendants' policies to mandate the COVID-10 Vaccination and to deny reasonable accommodations to those with religious objections denies the Plaintiff her right and "liberty to worship God according to the dictates of her own conscience," and further "diminishes the civil and political rights, privileges and capacities" of Plaintiffs on account of her religious belief.

117.   Defendants' policies, practices, customs, and procedures, punish and impose discipline on any student for exercising his or her state constitutional rights as stated above.

118.   Defendants' actions injure Plaintiffs by chilling her constitutionally protected activity through threat of discipline and sanction by Defendants for failure to comply with its policies regarding the COVID-19 vaccination mandate.

119.   As a direct and proximate result of Defendants' violation of the state constitutional provisions specified above, Plaintiff has suffered, are suffering, and will continue to suffer, irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally, Plaintiff is entitled to nominal damages and compensatory damages for the loss of their state constitutional rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## COUNT VI - ELLIOTT-LARSEN CIVIL RIGHTS ACT VIOLATION - (MCL 37.2101, et. seq.; Mich. Const. 1963 Article I, §2

120.    Defendants operate its school as a place of public accommodation as defined in Michigan's Elliott-Larsen Civil Rights Act (hereinafter referred to as ELCRA).

121.    MCL 37.2301(a)(iii). 77. Article I, §2 of the Michigan Constitution prohibits discrimination on the basis of religion.

122.    Violations of this constitutional provision are typically addressed through ELCRA.

123.    Defendants' policies, for all the reasons as stated above, deny Plaintiffs the enjoyment of their civil or political rights and discriminate against them in the exercise of those rights because of religion.

124.    Defendants are persons, as that term is defined in ELCRA, MCL 37.2103(g). Case 1:21-cv-00757 ECF No. 1, PageID.13 Filed 08/30/21 Page 13 of 17 14 79.

125.    Defendants' implementation of its policies and procedures to mandate vaccinations for students violate ELCRA and deprive Plaintiffs of their civil rights by subjecting Plaintiffs to conduct which has the purpose and effect of denying them the full benefit of the public accommodations and educational facilities at Defendants' school buildings, and denies them full and equal access to the use and privileges of its public accommodations and educational facilities, on the basis of religion.

126.    Defendants' Non-Discrimination Policy 11-04 states: "Western Michigan University prohibits discrimination or harassment which violates the law or which constitutes inappropriate or unprofessional limitation of employment opportunity, University

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

facility access, or participation in university activities, on the basis of race, color, religion, national origin, sex, sexual orientation, gender identity, age, protected disability, veteran status, height, weight, or marital status."

127.   For all the reasons stated herein, Defendants' vaccine mandate program violates Defendants' own policy by failing to provide and honor religious exemptions to the vaccine requirement.

128.   Defendants' policy of pretending to offer exemptions to the program but then failing to provide actual exemptions to the essential portion of the clinical training is NOT an accommodation much less a 'reasonable' accommodation.

129.   The loss of participation in the nursing program and other activities at WMU discriminates "on the basis of religion," and violates Plaintiffs' rights under the Michigan Constitution, WMU policy, and under ELCRA.

130.   Defendants' policies have the purpose or effect of substantially interfering with the Plaintiffs' right to access and utilize public accommodations and public services, including education and participation in the nursing program, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## COUNT VII:  BREACH OF CONTRACT and DETRIMENTAL RELIANCE

131.    Plaintiff entered into an implied and explicit contract with Defendant to attend the
Nursing School at Defendant.

132.    Plaintiff attended Defendant WMU with the intention of entering the nursing school
when she completed the preliminary coursework.

133.    Plaintiff and Defendant entered into a valid contract between a student and school
wherein the school promised to uphold their standards and legal requirements regarding
admittance to the nursing school and to honor lawful medical and religious
accommodation requests.

134.    Plaintiff agreed to pay fees to the school and attended classes in reliance upon this actual
and implied contract.

135.    Plaintiff gave up other opportunities, incurred moving costs, loss of educational
opportunities, loss of income, and other damages, in order to take prerequisite
coursework and attend the nursing school.

136.    Despite implied and actual assurances which were relied upon by Plaintiff, Defendant
failed to honor lawful medical and religious accommodation requests.

137.    Defendant breached the implied and actual contract between Plaintiff and Defendant by
failing to provide accommodation requests as required by law and their internal policies
on which Plaintiff relied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Plaintiff prays that this Court:

    a.  DECLARE the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

    b.  ENJOIN Defendants from engaging in such conduct;

    c.  RESTORE Plaintiff to her rightful place student/employee nursing candidate at Defendant.

    d.  In lieu of reinstatement, order lost wages, salary, costs, and benefits she would have received in the past and would receive in the future were it not for the unlawful discrimination.

    e.  AWARD Plaintiff compensatory damages in an amount to be determined along with pain and suffering, mental distress, and punitive damages along with and attorney's fees; and

    f.  GRANT such other relief as it may deem just and proper.

Respectfully submitted,

_____
PACIFIC JUSTICE INSTITUTE
By:  Dave Peters (P48648)
Counsel for Plaintiff

- 26 -